**IN THE COURT OF APPEALS OF IOWA**

No. 19-0111
Filed March 6, 2019

**IN THE INTEREST OF N.R.,**
**Minor Child,**

**A.R., Mother,**
　　Appellant.
_____

　　Appeal from the Iowa District Court for Woodbury County, Mary Jane Sokolovske, Judge.

　　A mother appeals the termination of her parental rights to her child. **AFFIRMED.**

　　Joseph W. Kertels of the Juvenile Law Center, Sioux City, for appellant mother.

　　Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant Attorney General, for appellee State.

　　Patrick T. Parry of Mayne, Hindman, Daane & Parry, Sioux City, guardian ad litem for minor child.

　　Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

A mother appeals the termination of her parental rights to her child. She contends the State failed to prove the grounds for termination by clear and convincing evidence and asks for additional time to have the child returned to her care. We review her claims de novo. *See In re A.*S., 906 N.W.2d 467, 472 (Iowa 2018).

The child was born in 2015. The Iowa Department of Human Services (DHS) became involved with the family in 2015 because the mother was a minor and had herself been adjudicated to be a child in need of assistance (CINA). The State filed a CINA petition regarding the child but dismissed it when the mother entered the House of Mercy program with the child. The mother was in the program from January 2015 until her graduation in September 2015.

The child was removed from the mother's care in March 2016 after the mother and child went missing for at least two days and upon concerns that the mother was using illegal drugs. The child was in and out of the mother's care in the year that followed.[1] The child has not been in her care since removal in February 2017. The juvenile court adjudicated the child to be a CINA following a May 2016 hearing.

In August 2017, the juvenile court granted the mother an additional three months to work toward reunification. At the time, the mother was pregnant as a

---

[1] Following the March 2016 removal, the child was returned to the mother's care in May 2016, removed in July 2016, and returned in September 2016. On January 30, 2017, the mother asked her case manager to come get the child, stating, "I cannot do this anymore," and, "I cannot parent my son." This led to the child's removal a final time in February 2017.

result of a new relationship. As with her past relationships, this one also involved domestic violence, but a no-contact order was entered following her partner's arrest in July 2017. In spite of this, the mother continued the relationship and became engaged to the father of her new child, who was born in December 2017.

The State filed a petition to terminate the mother's parental rights in December 2017. The termination hearing was held in August 2018. In January 2019, the juvenile court entered an order terminating the mother's parental rights pursuant to Iowa Code section 232.116(1)(h) and (i) (2017).

The mother first contends the State failed to prove the grounds for termination by clear and convincing evidence. Although the juvenile court terminated parental rights on more than one ground, we need only find grounds to terminate under one of the subsections cited by the juvenile court to affirm. *See In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999). In order to terminate under Iowa Code section 232.116(1)(h), the State must prove the following by clear and convincing evidence:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

The mother does not challenge the sufficiency of the proof on the first three elements of this section. She instead argues the State failed to prove the child could not be returned to her care at the time of the termination hearing. *See* Iowa

Code § 232.116(1)(h)(4); *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (interpreting the term "at the present time" to mean to mean "at the time of the termination hearing"). "[A] child cannot be returned to the custody of the child's parent under section 232.102 if by doing so the child would be exposed to any harm amounting to a new child in need of assistance adjudication." *In re M.S.*, 889 N.W.2d 675, 680 (Iowa Ct. App. 2016) (alteration in original) (citation omitted).

The mother argues she has a job, housing, and a vehicle. She notes that she participated regularly in supervised visits with the child and "some" of the semi-supervised visits, though she claims difficulties in attendance were the result of transportation issues and finances. The mother also argues she demonstrates appropriate parenting skills, noting that her second child remains in her care.

The juvenile court summarized some of the evidence concerning the care the mother was able to provide the child:

> The case manager observed that [the mother] has been able to interact with [the child] for the two hour visits but that [the mother] has not demonstrated that she can provide for [the child] in the long term. She does not consistently provide basic items for him such as clothing, pull ups and wipes. After a visit, his aunt reports that [the child] is still in the same pull up which is usually full and soaked in urine. [The mother] does not provide any monetary assistance to [the child]. Concerns also exist that food for [the child] is not always provided by [the mother] at visits.

Additionally, the mother continued to be in a relationship involving domestic violence and now lives with her partner. The police were called three times in June 2018 due to arguments between the two. Although the mother denies any physical altercation occurred in the first two instances, the third incident involved her partner strangling the mother, stomping on her head, and threatening to kill her. Because returning the child to the mother's care would expose the child to adjudicatory

danger, clear and convincing evidence supports the grounds for termination pursuant to section 232.116(1)(h).

The mother asks for additional time to allow the return of the child to her care. *See* Iowa Code § 232.104(2)(b) (allowing the court to continue placement of the child for an additional six months if it is determined "that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period"). Although the law requires a "full measure of patience with troubled parents who attempt to remedy a lack of parenting skills," this patience has been built into the statutory scheme of chapter 232. *In re C.B.*, 611 N.W.2d 489, 494 (Iowa 2000). Once the grounds for termination have been proved, time is of the essence. *See In re A.C.*, 415 N.W.2d 609, 614 (Iowa 1987) ("It is unnecessary to take from the children's future any more than is demanded by statute. Stated otherwise, plans which extend the [statutory] period during which parents attempt to become adequate in parenting skills should be viewed with a sense of urgency."); *see also In re R.J.*, 436 N.W.2d 630, 636 (Iowa 1989) (noting that once the time period for reunification set by the legislature has expired, "patience on behalf of the parent can quickly translate into intolerable hardship for the children"). Termination is permitted under Iowa Code section 232.116(1)(h) when the child has been out of a parent's care for six consecutive months. When this six-month period expired in August 2017, the mother was granted three additional months to have the child returned to her care. She was unsuccessful. Because the termination hearing was continued multiple times, the child had been out of the mother's care for eighteen consecutive months when the hearing was held. We decline to prolong the matter further. Children are not equipped with

pause buttons. *See In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014) (noting children must not be deprived permanency on the hope that someday the parent will be able to provide a stable home); *A.C.*, 415 N.W.2d at 614. Delaying permanency is contrary to the child's best interests. *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (noting the need for a permanent home is one of the chief considerations in determining a child's best interests). Accordingly, we affirm the termination of the mother's parental rights.

**AFFIRMED.**